Save As        Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-_____

Short Caption: Progressive Paloverde Insurance Co. v. Schroeder

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Progressive Paloverde Insurance Co.; Progressive Southeastern Insurance Co.

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

King & Spalding LLP (district court and appellate court), Lewis Wagner, LLP (district court)

(3) If the party, amicus or intervenor is a corporation:
   i) Identify all its parent corporations, if any; and

      Progressive Paloverde's parent company is Progressive Direct Holdings, Inc., which is in turn wholly owned by The Progressive Corporation. Progressive Southeastern's parent company is Progressive Agency Holdings, Inc., which is in turn wholly owned by The Progressive Corporation.

   ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

      The Progressive Corporation is a publicly traded entity on the New York Stock Exchange (PGR)

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

n/a

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

n/a

Attorney's Signature: /s/Jeffrey S. Cashdan     Date: 02/09/24

Attorney's Printed Name: Jeffrey S. Cashdan

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  Yes [✓]  No [ ]

Address: King & Spalding LLP, 1180 Peachtree Street NE, Suite 1600, Atlanta, GA 30309

Phone Number: (404) 572-4600     Fax Number: (404) 572-5100

E-Mail Address: jcashdan@kslaw.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-_____

Short Caption: Progressive Paloverde Insurance Co. v. Schroeder

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Progressive Paloverde Insurance Co.; Progressive Southeastern Insurance Co.

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

King & Spalding LLP (district court and appellate court), Lewis Wagner, LLP (district court)

(3) If the party, amicus or intervenor is a corporation:
   i)    Identify all its parent corporations, if any; and

        Progressive Paloverde's parent company is Progressive Direct Holdings, Inc., which is in turn wholly owned by The Progressive Corporation. Progressive Southeastern's parent company is Progressive Agency Holdings, Inc., which is in turn wholly owned by The Progressive Corporation.

   ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        The Progressive Corporation is a publicly traded entity on the New York Stock Exchange (PGR)

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

n/a

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

n/a

---

Attorney's Signature: /s/ Allison Hill White     Date: 02/09/24

Attorney's Printed Name: Allison Hill White

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes [ ]   No [✓]

Address: King & Spalding LLP, 1180 Peachtree Street NE, Suite 1600, Atlanta, GA 30309

Phone Number: (404) 572-4600     Fax Number: (404) 572-5100

E-Mail Address: awhite@kslaw.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-_____

Short Caption: Progressive Paloverde Insurance Co. v. Schroeder

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Progressive Paloverde Insurance Co.; Progressive Southeastern Insurance Co.

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

King & Spalding LLP (district court and appellate court), Lewis Wagner, LLP (district court)

(3) If the party, amicus or intervenor is a corporation:
    i)    Identify all its parent corporations, if any; and

           Progressive Paloverde's parent company is Progressive Direct Holdings, Inc., which is in turn wholly owned by The Progressive Corporation. Progressive Southeastern's parent company is Progressive Agency Holdings, Inc., which is in turn wholly owned by The Progressive Corporation.

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

           The Progressive Corporation is a publicly traded entity on the New York Stock Exchange (PGR)

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

n/a

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

n/a

---

Attorney's Signature: /s/ Amy R. Upshaw      Date: 02/09/24

Attorney's Printed Name: Amy R. Upshaw

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐   No ☑

Address: King & Spalding LLP, 1700 Pennsylvania Avenue NW, Washington, DC 20006

Phone Number: (202) 737-0500      Fax Number: (202) 626-3737

E-Mail Address: aupshaw@kslaw.com

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-_____

Short Caption: Progressive Paloverde Insurance Co. v. Schroeder

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]   **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)   The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Progressive Paloverde Insurance Co.; Progressive Southeastern Insurance Co.

(2)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

King & Spalding LLP (district court and appellate court), Lewis Wagner, LLP (district court)

(3)   If the party, amicus or intervenor is a corporation:
    i)   Identify all its parent corporations, if any; and

Progressive Paloverde's parent company is Progressive Direct Holdings, Inc., which is in turn wholly owned by The Progressive Corporation. Progressive Southeastern's parent company is Progressive Agency Holdings, Inc., which is in turn wholly owned by The Progressive Corporation.

    ii)   list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

The Progressive Corporation is a publicly traded entity on the New York Stock Exchange (PGR)

(4)   Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

n/a

(5)   Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

n/a

Attorney's Signature: /s/ Julia C. Barrett     Date: 02/09/24

Attorney's Printed Name: Julia C. Barrett

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes [ ]   No [✓]

Address: King & Spalding LLP, 500 West 2nd Street, Ste. 1800, Austin, TX 78701

Phone Number: (512) 457-2000     Fax Number: (512) 457-2100

E-Mail Address: jbarrett@kslaw.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-_____

Short Caption: Progressive Paloverde Insurance Co. v. Schroeder

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

    ☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Progressive Paloverde Insurance Co.; Progressive Southeastern Insurance Co.

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

King & Spalding LLP (district court and appellate court), Lewis Wagner, LLP (district court)

(3) If the party, amicus or intervenor is a corporation:
    i) Identify all its parent corporations, if any; and

Progressive Paloverde's parent company is Progressive Direct Holdings, Inc., which is in turn wholly owned by The Progressive Corporation. Progressive Southeastern's parent company is Progressive Agency Holdings, Inc., which is in turn wholly owned by The Progressive Corporation.

    ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

The Progressive Corporation is a publicly traded entity on the New York Stock Exchange (PGR)

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

n/a

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

n/a

---

Attorney's Signature: /s/ James Matthew Brigman     Date: 02/09/24

Attorney's Printed Name: James Matthew Brigman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐    No ☑

Address: King & Spalding LLP, 1180 Peachtree Street NE, Suite 1600, Atlanta, GA 30309

Phone Number: (404) 572-4600     Fax Number: (404) 572-5100

E-Mail Address: mbrigman@kslaw.com

rev. 12/19 AK

Save As     Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-_____

Short Caption: Progressive Paloverde Insurance Co. v. Schroeder

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Progressive Paloverde Insurance Co.; Progressive Southeastern Insurance Co.

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    King & Spalding LLP (district court and appellate court), Lewis Wagner, LLP (district court)

(3)    If the party, amicus or intervenor is a corporation:
    i)     Identify all its parent corporations, if any; and

           Progressive Paloverde's parent company is Progressive Direct Holdings, Inc., which is in turn wholly owned by The Progressive Corporation. Progressive Southeastern's parent company is Progressive Agency Holdings, Inc., which is in turn wholly owned by The Progressive Corporation.

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

           The Progressive Corporation is a publicly traded entity on the New York Stock Exchange (PGR)

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    n/a

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    n/a

---

Attorney's Signature: /s/ Nicole Bronnimann      Date: 02/09/24

Attorney's Printed Name: Nicole Bronnimann

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).     Yes ☐    No ☑

Address: King & Spalding LLP, 1100 Louisiana Street, Ste. 4100 Houston, TX 77002

Phone Number: (713) 751-3200      Fax Number: (713) 751-3290

E-Mail Address: nbronnimann@kslaw.com

rev. 12/19 AK

Save As     Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-_____

Short Caption: Progressive Paloverde Insurance Co. v. Schroeder

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Progressive Paloverde Insurance Co.; Progressive Southeastern Insurance Co.

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    King & Spalding LLP (district court and appellate court), Lewis Wagner, LLP (district court)

(3)     If the party, amicus or intervenor is a corporation:
    i)     Identify all its parent corporations, if any; and

    Progressive Paloverde's parent company is Progressive Direct Holdings, Inc., which is in turn wholly owned by The Progressive Corporation. Progressive Southeastern's parent company is Progressive Agency Holdings, Inc., which is in turn wholly owned by The Progressive Corporation.

    ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

    The Progressive Corporation is a publicly traded entity on the New York Stock Exchange (PGR)

(4)     Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    n/a

(5)     Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    n/a

---

Attorney's Signature: /s/ Paul Alessio Mezzina      Date: 02/09/24

Attorney's Printed Name: Paul Alessio Mezzina

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes [ ]    No [✓]

Address: King & Spalding LLP, 1700 Pennsylvania Avenue NW, Washington, DC 20006

Phone Number: (202) 737-0500      Fax Number: (202) 626-3737

E-Mail Address: pmezzina@kslaw.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-_____

Short Caption: Progressive Paloverde Insurance Co. v. Schroeder

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Progressive Paloverde Insurance Co.; Progressive Southeastern Insurance Co.

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

King & Spalding LLP (district court and appellate court), Lewis Wagner, LLP (district court)

(3) If the party, amicus or intervenor is a corporation:
    i) Identify all its parent corporations, if any; and

Progressive Paloverde's parent company is Progressive Direct Holdings, Inc., which is in turn wholly owned by The Progressive Corporation. Progressive Southeastern's parent company is Progressive Agency Holdings, Inc., which is in turn wholly owned by The Progressive Corporation.

    ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

The Progressive Corporation is a publicly traded entity on the New York Stock Exchange (PGR)

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

n/a

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

n/a

Attorney's Signature: /s/Zachary A. McEntyre     Date: 02/09/24

Attorney's Printed Name: Zachary A. McEntyre

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes ☐   No ✓

Address: King & Spalding LLP, 1180 Peachtree Street NE, Suite 1600, Atlanta, GA 30309

Phone Number: (404) 572-4600     Fax Number: (404) 572-5100

E-Mail Address: zmcentyre@kslaw.com

rev. 12/19 AK