# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

Heather Schroeder, *et al.*,

    *Plaintiff-Appellee,*

v.

Progressive Paloverde
Insurance Company, *et al.*,

    *Defendant-Appellant.*

**No. 24-1559**

District Court No: 1:22-cv-00946
District Judge Jane Magnus-Stinson

## DOCKETING STATEMENT

Defendants-Appellants Progressive Paloverde Insurance Company and Progressive Southeastern Insurance Company (together, "Progressive"), by and through their undersigned counsel, submit this docketing statement pursuant to Seventh Circuit Rule 3(c)(1).

## I. Jurisdiction in the District Court

The district court had jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one member of the putative class is a citizen of a State different from any defendant and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

***Minimal Diversity.*** Plaintiff-appellee Heather Schroeder is a citizen of Indiana. *See* ECF No. 75 ¶ 11. In the district court, the parties operated under a mistaken understanding that defendants-appellants Progressive Paloverde Insurance Company and Progressive Southeastern Insurance Company were Ohio corporations with their principal places of business in Ohio. *Id.* ¶¶ 13-14. When preparing this docketing statement, Progressive realized that while defendants-appellees have their principal places of business in Ohio, they are incorporated in Indiana. Accordingly, they are citizens of both Indiana and Ohio. *See* 28 U.S.C. § 1332(c)(1).

Although plaintiff-appellant and defendants-appellees are all citizens of Indiana, minimal diversity under CAFA still exists. CAFA requires only that "any member" of the class be diverse from "any defendant." *Id.* § 1332(d)(2)(A). The class here comprises:

> All persons who made a first-party claim on a policy of insurance issued by Progressive Paloverde Insurance Company to an Indiana resident who, from the earliest allowable time through the date an order granting class certification is entered, received compensation for the total loss of a covered vehicle, where that compensation was based on a vehicle valuation report prepared by Mitchell and the ACV was decreased based upon Projected Sold Adjustments to the comparable vehicles used to determine ACV.

ECF No. 131 at 24. Based on Progressive's factual investigation to date, it is clear that at least one member—in fact, many members—of the class are diverse from defendants-appellees, *i.e.*, they are citizens of states other than Ohio and Indiana. For example[1]:

- ▆▆▆▆▆▆▆▆▆ is a member of the class and has been a citizen of Georgia since at least 2021 based on property records showing that she currently owns her home in Jefferson, Georgia, purchased in January 2021, and claims a property tax homestead exemption.

- ▆▆▆▆▆▆▆▆▆ is a member of the class and has been a citizen of Michigan since at least 2020 based on voter registration records showing that she registered to vote in Michigan in February 2020 and updated her registration to a different city in Michigan in October 2022.

- ▆▆▆▆▆▆▆▆▆ is a member of the class and has been a citizen of Mississippi since at least March 2022 based on property

---

[1] Class members' names have been redacted to preserve their privacy. If necessary, Progressive can make an unredacted version of this docketing statement available for the Court's review. Progressive can also provide copies of the records cited here if the Court requires them.

records showing that he purchased a home in Hernando, Mississippi in March 2022 and registered to vote in DeSoto County, Mississippi in September 2022.

- ███████████ is a member of the class and has been a citizen of Colorado since at least June 2022 based on voter registration records showing that she registered to vote in Colorado in June 2022. Her LinkedIn profile also shows that she has been employed in Denver, Colorado since October 2021.

- ███████████ is a member of the class and has been a citizen of Colorado since at least December 2020 based on property records showing that he purchased a home in Longmont, Colorado in December 2020 and voter registration records showing that he registered to vote in Colorado in August 2021.

- ███████████ is a member of the class and has been a citizen of Florida since at least May 2022 based on voter registration records showing that she registered to vote in Florida in May 2022. Florida State Bar records show that she has been licensed as an attorney in Florida since 2016. In March 2022, she was

practicing as an Assistant State Attorney in Hendry County, Florida.

It is not surprising that there are many class members who are citizens of states other than Indiana. The class period here dates back to 2012, and Indiana residents who obtained a Progressive insurance policy during the class period may have later moved to a different state. Or the primary policyholder may have remained in Indiana while other drivers covered under the policy, such as the policyholder's children, live in a different state. Indeed, in approximately 2,000 total-loss claims filed under Progressive's Indiana insurance policies during the class period, the insured's mailing address at the time of the loss was outside of Indiana.

***Amount in controversy.*** There is no dispute that the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* ECF No. 75 ¶ 16.

## II. Jurisdiction in the Court of Appeals

This Court has jurisdiction under 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f). The district court's order granting class certification was entered on January 26, 2024. ECF No. 131. Progressive

did not file any motion claimed to toll the time within which to appeal. Progressive's petition for review of the district court's class-certification order under Rule 23(f) was filed in this Court on February 9, 2024, within the time permitted by the rule. This Court granted the petition on April 8, 2024. This case is not a direct appeal from a decision of a magistrate judge.

### III. Prior/Related Proceedings; Official Capacity

There are no prior or related appellate proceedings in this case. This is a civil action that does not involve any criminal convictions, nor does it involve a collateral attack on a criminal conviction. No party in this litigation is appearing in an official capacity.

<div style="float:right">

Respectfully submitted,

*/s/Jeffrey S. Cashdan*

Jeffrey S. Cashdan
Zachary A. McEntyre
James Matthew Brigman
Allison Hill White
Erin Munger
KING & SPALDING LLP
1180 Peachtree Street NE
Suite 1600
Atlanta, GA 30309
(404) 572-4600
jcashdan@kslaw.com

</div>

Paul Alessio Mezzina
Amy R. Upshaw
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006

Julia C. Barrett
KING & SPALDING LLP
500 West 2nd Street, Ste. 1800
Austin, TX 78701

Nicole Bronnimann
KING & SPALDING LLP
1100 Louisiana Street, Ste. 4100
Houston, TX 77002

*Counsel for Appellants*

April 15, 2024

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system on April 15, 2024, thereby serving a copy on all registered counsel.

*/s/Jeffrey S. Cashdan*
Jeffrey S. Cashdan

*Counsel for Appellants*