# King & Spalding

King & Spalding LLP
1180 Peachtree Street NE, Ste. 1600
Atlanta, GA 30309
Tel: +1 404 572 4600
www.kslaw.com

Jeffrey S. Cashdan
Direct Dial: +1 404 572 4818
jcashdan@kslaw.com

December 19, 2024

**VIA ECF**

Christopher Conway
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

  Re: *Schroeder et al. v. Progressive Paloverde Insurance Company et al.*, **No. 24-1559**

Dear Mr. Conway:

  Plaintiff's letter suggests that a recent out-of-circuit certification order in *Knight v. Progressive Northwestern Insurance Company*, 2024 WL 5046481 (E.D. Ark. Dec. 9, 2024) is reason for this Court to decline to apply its binding precedent in *Kartman v. State Farm Mutual Auto Insurance Company*, 634 F.3d 883 (7th Cir. 2011). But the *Knight* order does not mention *Kartman* at all. And the parties have already extensively addressed the relevance of *Kartman* in briefing and at oral argument. *See, e.g.*, Dkt. 24 at 36-38; Dkt. 41 at 26-27; Dkt. 44 at 1, 10, 12; Dec. 5, 2024 Oral Argument Recording at 1:57-2:10, 15:42-54; *Kartman*, 634 F.3d at 891 (where plaintiff's claims required "showing that they received inadequate coverage for their loss[es]," the district court "properly … declin[ed] to certify a Rule 23(b)(3) damages class" because "the class-action device is not appropriate for resolving such highly individualized questions of fact").

  In any case, *Knight* is wrongly decided, and its barebones reasoning adds no new analysis to the issues at hand. It does not address *Kartman* or other persuasive appellate precedents. Nor does it acknowledge its creation of an intra-Eighth-Circuit split with the district court in *Kroeger v. Progressive Universal Insurance Company*,

2023 WL 9059523 (S.D. Iowa Nov. 20, 2023), a case concerning identical policy language. *See id.* at *1 ("Binding Eighth Circuit precedent does not permit the Court to certify a class in these circumstances because Progressive's use of the disputed portion of the methodology does not mean in any given case that the company did not calculate 'market value.'"). Progressive intends to file a Rule 23(f) petition to ask the Eighth Circuit to reverse the *Knight* order on appeal.

     Rather than providing support for Plaintiff, the *Knight* order exemplifies the lack of rigorous analysis that has led to class certification being granted in some of the PSA cases brought by Plaintiff's counsel. And it shows why it is critical for this Court to correct the district court's errors in this case and provide much-needed appellate guidance to district courts across the country that have struggled with these issues.

                                                         Respectfully submitted,

                                                         */s/Jeffrey S. Cashdan*
                                                         Jeffrey S. Cashdan

                                                         *Counsel for Appellants*

CC:    All counsel of record (via CM/ECF)

# CERTIFICATE OF COMPLIANCE

  I certify that this document complies with the length limitations set forth in Fed. R. App. P. 28(j) because it contains 348 words, as counted by Microsoft Word, excluding the items that may be excluded.

           */s/Jeffrey S. Cashdan*
           Jeffrey S. Cashdan

           *Counsel for Appellants*